UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Mark Chaban,

    Debtor,                                    Case No. 2:15-cv-11879

                                                HONORABLE STEPHEN J. MURPHY, III

_____/

## **ORDER AFFIRMING THE DECISION OF THE BANKRUPTCY COURT**

Appellant-Debtor Mark Chaban ("Chaban") appeals to the Court for a fourth time from a decision of the Bankruptcy Court for the Eastern District of Michigan. As in one of Chaban's previous appeals, he contests sanctions for vexatious litigation that a state court issued against him last year.[1] And, as in that appeal, his argument is meritless. The Court will affirm the decision of the bankruptcy court. Furthermore, the Court will instruct the Clerk of Court for the Eastern District of Michigan to no longer accept any appeals from the decisions of the bankruptcy court Chaban may file absent the Court's permission, lest he continue to use the Court's resources for vexatious purposes.

The Court provided a background of the case in its previous decision in the matter. *In re Chaban*, No. 2:14–cv–14559, 2015 WL 5026079, at *1–2 (E.D. Mich. Aug. 25, 2015). In that decision, the Court found that the state court sanctions order did not violate the automatic stay of bankruptcy because it was an exercise of the government's police power. *Id.* at *3. While the Court was considering the previous decision, the bankruptcy court declared the state court sanctions to be non-dischargeable in bankruptcy. *In re Chaban*, No. 14-52133 (Bankr. E.D. Mich. May 7, 2015). Chaban now challenges the bankruptcy court's ruling that the debt created by the state sanctions order was non-dischargeable.

---

[1] *In re Chaban*, No. 2:14–cv–14559, 2015 WL 5026079 (E.D. Mich. Aug. 25, 2015).

The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). The Court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *AMC Mortg. Co. v. Tenn. Dep't of Revenue (In re AMC Mortg. Co., Inc.)*, 213 F.3d 917, 920 (6th Cir. 2000).

Chaban posits four arguments on appeal. The first three arguments are based on the assumption that the debt — that is, the state court sanctions — was not valid. Appellant's Br. xiv, ECF No. 6. The Court's previous decision, however, determined that the sanctions were valid. *In re Chaban*, 2015 WL 5026079 at *3. Therefore, only Chaban's final argument — that his behavior was not willful or malicious — remains.

The bankruptcy court determined that the sanctions debt was non-dischargeable under the exception of 11 U.S.C. § 523(a)(6), "for willful and malicious injury by the debtor to another entity or to the property of another entity." Chaban claims that the decision was in error, because the Plaintiff "cannot identify any harm" that resulted from Chaban's behavior. Appellant's Br. at 10, ECF No. 6.

The bankruptcy court noted that the state court proceedings necessarily characterized Chaban's conduct leading to the vexatious litigation sanctions as "willful and malicious." *In re Chaban*, No. 14-52133 at 7–9 (Bankr. E.D. Mich. May 7, 2015). Chaban injured the Plaintiff by engaging in vexatious litigation beyond the scope of reasonable representation, "in conscious disregard of his duties as an attorney or without just cause or excuse." *Id.* at 9. Litigation is an expensive and time-consuming process, and the state court found that Chaban had used it to vex the Plaintiff. The effects of the vexatious litigation constitute an injury, and Chaban's appeal fails.

Chaban has filed four bankruptcy appeals with the Court, three of which have been rejected in recent months. One appeal is outstanding and currently under the Court's consideration. In light of Chaban's history of vexatious litigation and meritless arguments, the Court will forbid Chaban from filing any appeals from bankruptcy court decisions without the Court's express approval. Failure to abide by this order will result in a potential finding of contempt.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the decision of the bankruptcy court is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Appellant Mark Chaban is barred from filing further appeals from the bankruptcy court without the express prior approval of the Court.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 3, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 3, 2015, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager